# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDPIPER MANAGEMENT, LLC, a California Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>JP MORGAN CHASE & CO., a Delaware Corporation, et al.,<br><br>Defendants. | CASE NO. 11cv1543 DMS (BGS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**[Docket No. 13]** |

This matter comes before the Court on Plaintiff's motion to remand this case to San Diego Superior Court. Defendants JP Morgan Chase & Co. ("JP Morgan") and JP Morgan Chase Bank, N.A. ("Chase Bank") filed an opposition to the motion. Plaintiff did not file a reply. After reviewing the parties' briefs, the Court issued an Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction. Defendants filed a response to the Order to Show Cause, and Plaintiff filed an opposition thereto. After a thorough review of the issues, the Court grants Plaintiff's motion.

## I.
## BACKGROUND

Plaintiff Sandpiper Management, LLC filed the present case on June 8, 2010, in San Diego Superior Court. The original Complaint alleged twelve claims for relief: (1) breach of contract, (2) specific performance, (3) inducing breach of contract, (4) fraud, (5) breach of covenant of good faith

1  and fair dealing, (6) intentional interference with contractual relations, (7) intentional interference with
2  prospective economic relations, (8) negligent interference with prospective economic relations, (9) price
3  fixing, (10) declaratory relief, (11) civil Racketeer Influenced and Corrupt Organization Act ("RICO")
4  under 18 U.S.C. § 1962(c) and (12) civil RICO under 18 U.S.C. § 1962(d).  Plaintiff named as
5  Defendants JP Morgan and Jo Schaumloffel.

6        On July 9, 2010, Plaintiff filed a First Amended Complaint that omitted the claims for specific
7  performance and declaratory relief.  The First Amended Complaint also removed Jo Schaumloffel as
8  a Defendant.

9        Thereafter, Defendant JP Morgan removed the case to this Court asserting federal question
10  jurisdiction in light of the RICO claims.  *See Sandpiper Management, LLC v. JP Morgan Chase & Co.*,
11  Case Number 10cv1802.  Plaintiff moved to remand the case to state court on the ground the removal
12  was untimely.  This Court granted the motion, and the case was remanded to state court.

13        In state court, Defendant JP Morgan moved for judgment on the pleadings, which the court
14  granted in part and denied in part.[1]  The court also granted Plaintiff leave to file a Second Amended
15  Complaint, which Plaintiff did.  The Second Amended Complaint realleged the ten claims in the First
16  Amended Complaint and added a claim for promissory estoppel.  Defendant JP Morgan filed a demurrer
17  to the Second Amended Complaint, which the court sustained in part and denied in part.  With leave of
18  the court, Plaintiff filed a Third Amended Complaint realleging the claims in the Second Amended
19  Complaint, adding a claim for violation of California Business and Professions Code § 17200, and
20  adding two new Defendants, Chase Bank and Chase Home Finance LLC.

21        On July 12, 2011, Defendant Chase Bank, on behalf of itself and as the successor by merger to
22  Chase Home Finance LLC, removed the case to this Court on the basis of diversity jurisdiction.
23  Plaintiff now moves to remand.

24  / / /
25  / / /
26  / / /
27

---

28  [1] Defendant JP Morgan also obtained new counsel, substituting its current counsel for its former counsel, Mark Sarni of Routh Crabtree Olsen, P.S.

## II.

## DISCUSSION

Plaintiff moves to remand this case on the ground the removal was untimely. The time limits on removal are set out in 28 U.S.C. § 1446(b), which states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, or a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). Plaintiff argues the one-year limitation on removal applies to this case, and Defendant's removal of the case violated that rule.

The Ninth Circuit has held:

> that the one-year deadline of 28 U.S.C. § 1446(b) for removing diversity cases applies only to cases in which there is no basis for diversity jurisdiction when the case is filed in state court. If there is a basis for diversity jurisdiction at the time of filing, there is no deadline.

*Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 n.3 (9th Cir. 2001). Here, there was no basis for diversity jurisdiction in the original complaint. Complete diversity was lacking because Plaintiff and Defendant Schaumloffel were both citizens of California. Therefore, the one-year deadline applies to this case.

Defendants argue the one-year deadline does not apply here, and in support of that argument they cite *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998). However, *Ritchey* actually supports the Court's conclusion. In *Ritchey*, the court concluded that the one-year deadline in § 1446(b) applies to cases that "become[ ] removable sometime after the initial commencement of the action." *Id.* at 1316. This case fits within that rule because it was not removable initially on the basis of diversity.

/ / /

/ / /

/ / /

Applying the one-year deadline to this case, Defendants had until June 8, 2011, to remove this case. Defendants did not remove the case until July 12, 2011, more than one month past that deadline. Accordingly, Defendants' removal was untimely, and the case must be remanded to state court.[2]

### III.

### CONCLUSION

For these reasons, the Court grants Plaintiff's motion to remand, and declines to award Plaintiff any attorneys fees.

**IT IS SO ORDERED**.

DATED: October 20, 2011

HON. DANA M. SABRAW
United States District Judge

---

[2] In light of the Court's finding that the removal was untimely under the one-year deadline, the Court declines to reach the parties' other arguments for and against remand.